### MARY PORTER *v.* R. H. FIELD.

**Married Women—Subrogation.**

> When a married woman is not liable on a note because of coverture, her surety on such a note, who pays the same, cannot recover from her. Since her creditor could not recover from her, her surety cannot.

APPEAL FROM BULLITT CIRCUIT COURT.

September 23, 1874.

OPINION BY JUDGE LINDSAY:

At the time Field became surety on the note to Dawson, Mrs. Porter owned no property, except the balance due on the Hoagland notes. These notes Field held in trust, and for the sole use of said Mary Porter, to be paid over to her in such sums as she might require. Her individual receipts were to be sufficient to relieve Field of the trust so far as the sums so paid were concerned. It is evident that Mrs. Porter did not intend to change this separate estate by the execution of the note to Dawson. But if she did there was but one way she could charge it, and that was by directing Field to pay the debt, and then execute to him her individual receipt as provided for in the deed of trust. This she did not do. It results, therefore, that Mrs. Porter was not personally bound to Dawson, because, being a *feme covert,* she could not bind herself by the execution of the note, and that her property was not bound to Field for the reasons already given.

Whatever may have been the legal effect of the conveyance by Field to Mrs. Porter, it did not raise a personal liability upon her part for a debt for which she was not theretofore bound, nor did it relate back to the date of the execution of the note to Dawson, and render separate estate (or the proceeds thereof), converted into general estate by such conveyance, liable to him, upon the ground that the horse purchased from him was a necessity.

As Dawson could not have asserted a claim against Mrs. Porter's property, Field cannot, under the doctrine of subrogation, subject it to the payment of his claim. He occupies no better attitude than Dawson did before Field paid the debt. But further than this, the testimony conduces to show that Mrs. Porter had no special use for the horse bought from Dawson. The entire estate of herself and husband did not much exceed one thousand dollars in value, and they then owned two horses. Judgment *reversed* and cause remanded with instructions to dismiss appellee's petition.

As Mrs. Porter does not prosecute a cross-appeal, no attention need be paid to the dismissal of her cross-action.

*A. H. Field, for appellant.*

*R. H. Field, for appellee.*